WILLIAM R. TAMAYO, SBN 084965
JONATHAN PECK, SBN 12303 (VA)
DAVID F. OFFEN-BROWN, SBN 063321
DANA C. JOHNSON, SBN 187341
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone No. (415) 625-5697
Fax No. (415) 625-5657
dana.johnson@eeoc.gov

Attorneys for Plaintiff EEOC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>VARKINS INC. D/B/A HOLIDAY INN EXPRESS MTN. VIEW-PALO ALTO,<br><br>A Corporation<br><br>Defendant. | Case No. CV10 4254 HRL<br><br>COMPLAINT<br><br>Civil Rights Discrimination-Employment<br><br>JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of gender and retaliation and to provide appropriate relief to Charging Party Beatriz Garcia (Charging Party) who was adversely affected by such practices. As alleged with greater particularity in paragraphs 8 and 9 below, Defendant Varkins Inc., D/B/A Holiday Inn Express Mtn. View-Palo Alto (Defendant or Defendant

Varkins) subjected the Charging Party to unlawful discrimination based on her gender, and retaliated against her after she expressed her opposition to the unlawful discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3) ("Title VII") and section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The unlawful employment practices alleged herein were committed in the State of California, in the City of Mountain View in the County of Santa Clara. Venue is therefore proper in the United States District Court for the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

3. This action is appropriate for assignment to the San Jose division of this Court because a substantial amount of the unlawful employment practices alleged were committed within Santa Clara County, the employment records relevant to the unlawful practices are located in Santa Clara County, and Defendant's principal place of business is in Santa Clara County.

## PARTIES

4. Plaintiff, the Equal Employment Opportunity Commission (Commission), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5 (f)(1) and (3).

5. At all relevant times, Defendant Varkins has continuously been a California corporation, doing business in the State of California, and has continuously had at least 15 employees.

6. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce, within the meaning of section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000-

e(b), (g) and (h).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Charging Party Garcia filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least 2008, Defendant has engaged in unlawful practices of gender discrimination at its Mountain View, California facilities in violation of section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). These practices included subjecting Charging Party Garcia to harassment based on her gender and retaliation, culminating in wrongfully discharging her on or about August 22, 2008, and then continued harassment. The harassment included unwanted touching, attempts to kiss, and unwanted sexual advances and comments by one of Ms. Garcia's supervisors.

9. Since at least 2008, Defendant has engaged in unlawful practices of retaliation at its Mountain View, California facilities in violation of section 704(a) of Title VII, 42 U.S.C. §2000e-3(a). These practices included subjecting Charging Party Garcia to adverse actions for engaging in protected activity, including harassing her and wrongfully discharging her on or about August 22, 2008 in retaliation for complaining about unlawful discrimination.

10. The effect of the practices complained of in Paragraphs 8 and 9 above has been to deprive Charging Party Garcia of equal employment opportunities and otherwise adversely affect her status as an employee because of her gender and her opposition to unlawful discrimination and her participation in complaints of unlawful discrimination and retaliation.

11. The unlawful employment practices complained in Paragraphs 8 and 9 above were intentional.

12. The unlawful employment practices complained in Paragraphs 8 and 9 above were done with malice or with reckless indifference to the federally protected rights of Charging Party Garcia.

CV
DISCRIMINATION COMPLAINT

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in retaliation against their employees.

B. Order Defendant to institute and carry out policies, practices, and programs which prohibit sex discrimination and retaliation and which eradicate the effects of its unlawful employment practice.

C. Order Defendant to make whole Charging Party, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay of Charging Party.

D. Order Defendant to make whole Charging Party, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 8 and 9 above, including but not limited to such out-of-pocket expenses as medical care necessitated by Defendant's unlawful conduct, in amounts to be determined at trial.

E. Order Defendant to make whole Charging Party by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 8 and 9 above, including but not limited to emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described in Paragraphs 8 and 9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems just and proper in the public interest.

H. Award the Commission its costs of this action.

CV
DISCRIMINATION COMPLAINT

DEMAND FOR JURY TRIAL

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Date: 9/20/10

_____
WILLIAM R. TAMAYO
Regional Attorney

Date: 9/20/10

_____
DAVID OFFEN-BROWN
Supervisory Trial Attorney

Date: 9/20/2010

_____
DANA JOHNSON
Senior Trial Attorney
Equal Employment Opportunity Commission
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, California 94105-1260

CV
DISCRIMINATION COMPLAINT